

CHIESA SHAHINIAN & GIANTOMASI PC

11 Times Square, 34th Floor, New York, NY 10036
**csglaw.com**

ADAM P. FRIEDMAN
afriedman@csglaw.com

O 973.530.2029                    F 973.530.2229

July 10, 2026

**_Via ECF_**

The Honorable Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:     <u>L&S Rental Supply LLC v. Harco National Insurance Co.</u>
Case No.: 26-cv-3353 (RER) (RML)

Dear Judge Reyes:

We represent the defendant, Harco National Insurance Company, in this action.  Pursuant to Your Honor's individual rules, Harco requests a pre-motion conference as to its intention to move to dismiss the Second, Third, Fourth, and Fifth Causes of Action alleged in the Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This case involves a disputed claim against a payment bond.  Plaintiff alleges that it rented certain equipment to Empire Core Group, LLC, in connection with a construction project at the Belleayre Ski Center in Highmount (Ulster County), for which Empire Core failed to pay.  Harco, as surety, executed the payment bond on behalf of Empire Core, as principal, relative to this project. Harco disputes that all of the amounts that Plaintiff seeks to recover from the bond are owed or otherwise covered by the bond.  Because (a) the owner of the project is the New York State Olympic Regional Development Authority ("ORDA") and (b) Empire Core contracted directly with ORDA, the payment bond is governed by New York State Finance Law § 137.

Even if the truth of the Complaint's allegations is assumed, the Second, Third, Fourth, and Fifth Causes of Action all are subject to dismissal.

The Second Cause of Action – titled "For Attorney's Fees" – is subject to dismissal because a separate cause of action for attorney's fees does not lie.  Attorney's fees are a type of relief, not a substantive claim.  _O'Hara v. Cohen-Sanchez,_ No. 22-CV-6209, 2025 WL 931282, at *8 n.14 (E.D.N.Y. Mar. 27, 2025) ("attorney's fees are a type of damages and not a separate cause of action").  If Plaintiff proves that Harco's defense to its claim "is without substantial basis in fact or law", the Court may include an award of reasonable attorney's fees in any judgment.  <u>N.Y. State Fin. Law § 137</u>(4)(c). Because attorney's fees are a form of relief and not an independent claim, the Second Cause of Action should be dismissed.

The Honorable Ramon E. Reyes, Jr.
July 10, 2026
Page 2

The Third Cause of Action, alleging "Breach of the Implied Duty of Good Faith and Fair Dealing", is subject to dismissal because it is duplicative of the First Cause of Action, which alleges that Harco breached the bond. A surety bond is a contract. *Clean Earth of N. Jersey, Inc. v. Northcoast Maint. Corp.,* 39 N.Y.S.3d 165, 170 (2d Dep't 2016). Under New York law, breach of the implied duty of good faith and fair dealing "is merely a breach of the underlying contract." *Cruz v. FXDirectDealer, LLC,* 720 F.3d 115, 125 (2d Cir. 2013). "New York law does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach-of-contract claim, based upon the same facts, is also pled. Therefore, when a complaint alleges both a breach of contract and a breach of the implied covenant of good faith and fair dealing based on the same facts, the latter claim should be dismissed as redundant." *Integrated Constr. Enters., Inc. v. Universal Heating & Air Conditioning, Inc.,* No. 25-CV-2893, 2026 WL 1362967, at *14 (E.D.N.Y. May 15, 2026) (citations and internal punctuation omitted).

The Third Cause of Action is premised upon the same facts as the First Cause of Action: that Plaintiff submitted a claim against the bond and that Harco has refused "to pay and adjust the claim." Complaint, ¶ 74. All of the underlying facts are incorporated by reference into both the First Cause of Action (*id.,* ¶ 50) and the Third Cause of Action (*id.,* ¶ 63). In addition, under New York law, "exemplary and punitive damages" (which the Third Cause of Action seeks) are not available for a breach of the implied obligation of good faith and fair dealing. *See Rocanova v. Equitable Life Assurance Soc'y of U.S.,* 612 N.Y.S.2d 339, 342 (1994) ("Punitive damages are not recoverable for an ordinary breach of contract as their purpose is not to remedy private wrongs but to vindicate public rights). Consequently, the Third Cause of Action is subject to dismissal.

The Fourth Cause of Action is subject to dismissal because New Jersey law does not recognize a cause of action for "bad faith" against a surety. Putting aside the fact that New Jersey law does not apply – either to this claim or to any of the claims alleged in the Complaint – New Jersey law does not recognize a cause of action against a surety for "bad faith". *U.S. Sewer & Drain, Inc. v. Earle Asphalt Co.,* Civ. No. 15-1461, 2015 WL 3461087, at *3 (D.N.J. June 1, 2015) ("there is no cause of action for bad faith breach of a surety bond in New Jersey").

Finally, the Fifth Cause of Action, which seeks a judgment declaring that Harco breached the bond, is subject to dismissal because it is duplicative of the First Cause of Action. "Courts generally reject a declaratory judgment claim as duplicative when other claims in the suit will resolve the same issues . . . ." *Hahn v. JetBlue Airways Corp.,* 738 F. Supp. 3d 229, 253 (E.D.N.Y. 2024). The First Cause of Action asks the Court to hold that Harco breached the bond and award damages to Plaintiff as a result. The resolution of that claim will resolve the only issue that the Fifth Cause of Action presents. Because the First Cause of Action provides Plaintiff with an adequate remedy for its "breach" claim, the Fifth Cause of Action should be dismissed. *See, e.g., Lim v. Radish Media, Inc.,* 2023 WL 2440160, at *2 (2d Cir. Mar. 10, 2023) (affirming dismissal of declaratory judgment claim as "impermissibly duplicative of [the] claim of breach of contract" where the breach of contract claim would resolve the same issue raised by the declaratory judgment claim); *Hahn,* 738 F. Supp. 3d at 254 ("other courts in this Circuit have found a cause of action for declaratory relief to be unnecessary when the plaintiff has an adequate, alternative remedy in another form of action, such as breach of contract") (internal punctuation omitted).

The Honorable Ramon E. Reyes, Jr.
July 10, 2026
Page 3


   Harco will ask the Court to dismiss the Second, Third, Fourth, and Fifth Cause of Action on these grounds.

          Respectfully,

          */s Adam P. Friedman*


cc:  James M. Haddad, Esq.
   (via ECF)