CSG law

CHIESA SHAHINIAN & GIANTOMASI PC

11 Times Square, 34th Floor, New York, NY 10036
csglaw.com

ADAM P. FRIEDMAN
afriedman@csglaw.com

O 973.530.2029 F 973.530.2229

July 20, 2026

***Via ECF***

The Honorable Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: L&S Rental Supply LLC v. Harco National Insurance Co.
Case No.: 26-cv-3353 (RER) (RML)

Dear Judge Reyes:

We represent the defendant, Harco National Insurance Company, in this action. Pursuant to the Text Order dated July 14, 2026, this letter explains why Plaintiff's request for leave to move for summary judgment on its Complaint's First Cause of Action should be denied.

On its face, Plaintiff's request for permission to move for partial summary judgment should be denied because it failed to include a Rule 56.1 statement, as required by Your Honor's Individual Practice Rules.

The request also should be denied because a partial summary judgment motion before Harco has answered would be utterly premature. "While Rule 56(b) allows a motion for summary judgment to be made at any time, courts will routinely deny motions for summary judgment as premature when discovery over relevant matters is incomplete." *Simmons v. N.Y. City Dep't of Corrections,* No. 23-CV-7829, 2025 WL 821682, at *3 (E.D.N.Y. Mar. 14, 2025) (Kovner, J.) (citations and internal quotation marks omitted). "All parties must have a reasonable opportunity to make their record complete before summary judgment is granted." *Id.* (citations and internal quotation marks omitted). In most cases, a motion for summary judgment is premature when the defendant has "not filed an answer or received a reasonable opportunity to complete discovery . . . ." *Id.*

Had Plaintiff included a Rule 56.1 statement with its request, the material factual issues that exist as to the First Cause of Action would have been apparent. Harco's defense to Plaintiff's payment bond claim is not limited to the expiration of the applicable limitations period referenced in Plaintiff's

letter. As Plaintiff's inappropriate reference to Harco's offer to settle its claim may reflect,[1] for example, based upon the documentation and information that Plaintiff elected to supply to Harco in support of its claim, Harco does not believe that the bond covers significant elements and amounts of the claim. Harco also does not know if Plaintiff's contention that non-party Empire Core Group (the bond's principal) failed to pay for the equipment that is the subject of the claim is true, and it is not obligated simply to accept Plaintiff's representation that it was not paid. Harco is entitled to conduct party and non-party discovery to obtain the documents and testimony necessary to establish its defenses and make an appropriate record.

Plaintiff's admission that it will need to "demonstrate on summary judgment at this time the quantum of loss" reflects that the "quantum of loss" is disputed and that its proposed motion for partial summary judgment, therefore, would be premature. *See Hirsch v. Complex Media, Inc.,* No. 18 Civ. 5488, 2018 WL 6985227, at *10 (S.D.N.Y. Dec 10, 2018) (plaintiff's concession that defendant would raise certain defenses in its answer rendered pre-answer motion for summary judgment premature).

Given the existence of material factual issues requiring discovery and the fact that Plaintiff's proposed motion would not address any cause of action that might survive Harco's motion to dismiss, Plaintiff's proposed motion for partial summary judgment would not serve any purpose other than to waste the time and resources of the Court and of Harco. The request, therefore, should be denied.

Thank you for your continued consideration.

Respectfully,

*/s Adam P. Friedman*

cc: James M. Haddad, Esq.
(via ECF)

[1] Plaintiff's submission of correspondence reflecting Harco's offer to settle its disputed claim and its reference to this offer in its pre-motion letter, for the stated purpose of demonstrating that Harco "accepted the claim and offered payment of the claim", is a violation of Rule 408 of the Federal Rules of Evidence, and the correspondence should be disregarded. See, e.g., *Eviner v. Eng,* No. 13-CV-6940, 2015 WL 4600541, at *7 (E.D.N.Y. July 29, 2015) (Korman, J.) (settlement communications between parties themselves, without counsel's involvement, fall within the scope of Rule 408).